IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCOIS AUGUSTON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00099-SDJ-CAN |
| v. | § | |
| | § | |
| GLOBAL EXCHANGE VACATION CLUB, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case is referred to the undersigned United States Magistrate Judge for pre-trial proceedings in accordance with 28 U.S.C. § 636. *Pro se* Plaintiff Francois Auguston ("Plaintiff") filed this action on February 11, 2022 [Dkt. 1]. On March 28, 2022, Defendants Global Exchange Vacation Club and Richard Sargent ("Defendants") filed their answer [Dkt. 7]. On March 29, 2022, the Court entered an Order directing the Parties to confer on or before April 18, 2022, and thereafter submit their joint Rule 26(f) report [Dkt. 8]. This same Order set the matter for a Rule 16 management conference on Tuesday, May 24, 2022, at 3:00 pm at the United States Courthouse Annex, 200 N. Travis Street Sherman, Texas 75090 [Dkt. 8]. Plaintiff acknowledged receipt of the Court's March 29 Order [Dkt. 9].

Thereafter, despite the Court's March 29 Order, Plaintiff refused to participate in submission of a Joint Report. Defendants explain that they "attempted to conduct a joint conference and meet and confer regarding this report … [but] Plaintiff stated he is unavailable to speak by phone and [h]as not responded to an email providing a draft Joint Report" [Dkt. 11 at 1]. Subsequently, on May 9, 2022, the undersigned ordered Plaintiff "to communicate with defense counsel by telephone or email regarding the draft Joint Report on or before Thursday, May 19,

2022" [Dkt. 12 at 1]. Plaintiff acknowledged receipt of the Court's May 9 Order [Dkt. 13]. On May 21, 2022, Defendants filed the Declaration of Mark R. Meyer Re: Joint Report [Dkt. 14], which states that Defendants made additional efforts to contact Plaintiff and that Plaintiff failed to respond [Dkt. 14 at 2]. On May 24, 2022, Defendants' counsel Michael Maxvill appeared for the scheduling conference. Plaintiff failed to appear, despite acknowledging receipt of the Court's Order setting the same [Dkts. 8; 9]. The Court delayed the start of the scheduling conference for approximately twenty (20) minutes to allow Plaintiff an opportunity to appear. Neither the Court nor the Clerk's Office were contacted by Plaintiff with any excuse or other reason for his failure to appear; Defendants' counsel confirmed that he was not aware of any reason Plaintiff could not appear.

On May 25, 2022, the Court issued a Show Cause Order, directing Plaintiff to appear in person on June 14, 2022, at 3:00 p.m. and show cause for his failure to appear [Dkt. 16]. Plaintiff was given notice of the Hearing, and the Court advised that he "must be prepared to state the reasons why his case should not be dismissed" considering his failure to appear and his repeated failure to comply with the Court's Orders [Dkt. 16 at 2]. The Court expressly cautioned Plaintiff that his failure to comply with the Court's Show Cause Order could "result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b) of the claims filed by Plaintiff without further notice" [Dkt. 16 at 3]. The Court's Show Cause Order was sent to Plaintiff via certified mail; Plaintiff acknowledged receipt of the Show Cause Order on May 31, 2022, fourteen (14) days in advance of the Show Cause hearing [Dkt. 17].

Notwithstanding, Plaintiff failed to appear at the June 14, 2022, Show Cause Hearing. Once again, the Court delayed the start of the hearing for approximately twenty (20) minutes to allow Plaintiff an opportunity to appear. Neither the Court nor the Clerk's Office were contacted

by Plaintiff with any excuse or other reason for Plaintiff's failure to appear. Defendants' counsel confirmed they had no contact with Plaintiff since issuance of the Show Cause Order and were unaware of any reason for his failure to appear.

Under Rule 41(b), a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion"); *Loza v. Select Portfolio Servicing, Inc.*, 820 F. App'x 240, 242 (5th Cir. 2020) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)) ("The district court has the inherent power to dismiss an action *sua sponte* for failure to prosecute."). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Williams v. Castro*, No. 3:20-CV-01853-G (BT), 2021 WL 863220, at *1 (N.D. Tex. Feb. 25, 2021) (citing *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)), *report and recommendation adopted*, No. 3:20-CV-1853-G-BT, 2021 WL 858729 (N.D. Tex. Mar. 8, 2021); *see also United States v. Amieva-Rodriguez*, 905 F.3d 288, 289 (5th Cir. 2018) ("Courts have an 'inherent power' to dismiss cases for lack of prosecution. This power enables courts to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely to whether the Court's discretion was abused. *See Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citing *McCullough*, 835 F.2d at 1127) ("This court reviews a Rule 41(b) dismissal for failure to comply with a court order for abuse of discretion."); *Pennie v. Giorgi for Dallas Morning News*, No. 20-10349, 2021 WL 54759, at *2

(5th Cir. Jan. 6, 2021) ("Typically, dismissal under Rule 41(b) for failure to prosecute is reviewed for abuse of discretion.").

The Court recommends the instant suit be dismissed under Rule 41(b). Plaintiff has failed to appear for two duly noticed hearings, including specifically the Show Cause Hearing, despite the Court's explicit warning that failure to do so could result in a recommendation of dismissal of his claims. In addition, Plaintiff wholly failed to participate in the Rule 26(f) conference. Through such failures, Plaintiff has neglected to comply with the Court's Orders and diligently prosecute his case. *See Allen v. Specialized Loan Servicing, LLC*, No. 4:19-CV-0013-ALM-CAN, 2019 WL 5290810, at *2 (E.D. Tex. July 2, 2019), *report and recommendation adopted*, No. 4:19-CV-13, 2019 WL 5267927 (E.D. Tex. Oct. 17, 2019) (dismissing *pro se* suit under Rule 41(b) following plaintiff's failure to appear for multiple hearings and to file a response as directed by the Court); *Alvarez v. Bayview Loan Servicing, LLC*, No. 4:18-CV-0419-ALM-CAN, 2018 WL 4473784, at *2 (E.D. Tex. Aug. 15, 2018) (dismissing action for plaintiffs' failure to "provide the Court with their current physical addresses, and [] to appear for multiple hearings, despite the Court's explicit warning that failure to do so could result in a recommendation of dismissal"), *report and recommendation adopted*, No. 4:18-CV-419, 2018 WL 4473107 (E.D. Tex. Sept. 18, 2018); *Liggins v. JP Morgan Chase Bank, N.A.*, No. 3-12-CV-1871-N-BD, 2012 WL 3962633, at *2 (N.D. Tex. Aug. 16, 2012) (dismissing for failure to participate in Rule 26(f) conference, the preparation of the joint status report, and for failure to comply with show cause orders directing plaintiff to appear), *report and recommendation adopted*, No. 3-12-CV-1871-N-BD, 2012 WL 3962622 (N.D. Tex. Sept. 11, 2012).

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and that each of Plaintiff's claims against Defendants be **DISMISSED**

**WITHOUT PREJUDICE**.[1]

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of June, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[1] The Fifth Circuit has held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 798.  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Neal v. Claggett*, No. 4:20-CV-00614-ALM-CAN, 2021 WL 789903, at *1 n.1 (E.D. Tex. Jan. 18, 2021) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)), *report and recommendation adopted*, No. 4:20-CV-614, 2021 WL 781538 (E.D. Tex. Mar. 1, 2021).  The explanation for employing a dismissal with prejudice should be stated on the record.  *Id.*  Plaintiff's actions do not establish a clear record of delay of contumacious conduct, and no previous lesser sanctions against Plaintiff have been imposed; a dismissal with prejudice is inappropriate.  Thus, a dismissal without prejudice is the best option available at this time.